UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) Plaintiff, ) | Case No. 2:04-cr-00440-PMP-PAL |
| ) vs. ) | **AMENDED** |
| ) JUAN CARLOS ORTEGA, ) | **REPORT OF** |
| ) Defendant. ) | **FINDINGS AND RECOMMENDATION** |

This matter came before the court on a hearing on December 2, 2005 pursuant to the District Judge's referral of the government's Notice of Newly Discovered Evidence (#35) to the undersigned to determine whether this is a basis to modify her Report and Recommendation (#25) which recommended denial of Ortega's motion to suppress. Shari Kaufman appeared on behalf of the defendant, and William Reed appeared on behalf of the government. Following this referral, the case was reassigned from Chief Judge Philip M. Pro to the Honorable Brian E. Sandoval, District Judge.

In the original report of findings and recommendation, the undersigned found that the pat down of Ortega's person and the search of the interior of the vehicle he was driving were based on reasonable suspicion that Ortega may be armed and/or gain control of a weapon in the areas under his immediate control in the interior of the vehicle. The court also made a finding that the firearm which was recovered from the vehicle would inevitably have been discovered in an inventory search based on testimony adduced at an evidentiary hearing conducted May 20, 2005. For these and other reasons set forth in the original report of findings and recommendation, the undersigned recommended denial of Ortega's motion to dismiss.

During the evidentiary hearing, Officer Robert Johnson of the Las Vegas Metropolitan Police Department ("LVMPD") testified concerning the circumstances surrounding his encounter with Ortega

1  which led to the recovery of the firearm, Ortega's arrest, and the tow and impound of the vehicle he was
2  driving. Counsel for Ortega cross-examined Officer Johnson at the evidentiary hearing and asked him
3  questions about whether officers involved in this encounter went to a nearby residence of a woman and
4  learned that she was the registered owner of the vehicle. Officer Johnson did not recall that a woman
5  came to the scene, that another officer went to a nearby address to locate an individual, or that a woman
6  came to the scene of the traffic stop, indicating the vehicle belonged to her and providing registration
7  for it. However, the court considered Ms. Kaufman's cross-examination of Officer Johnson at the
8  evidentiary hearing, and believed that she had a good faith basis to ask questions about whether officers
9  involved in this stop made contact with a woman who claimed to be the registered owner of the vehicle.
10 The court, therefore, considered the likelihood that Officer Johnson's recollection about these details
11 was poor.
12      After the evidentiary hearing, defense counsel provided the government with an LVMPD
13 dispatch tape indicating that Officer Sorentino did, indeed, go to a nearby address and locate a woman
14 acquainted with the defendant. Officer Sorentino was the officer who recovered the firearm from
15 Ortega's vehicle, but was not called as a witness at the evidentiary hearing. The government filed a
16 Notice of Newly Discovered Evidence (#35) to apprise the court of this information, and the District
17 Judge then assigned, the Honorable Philip M. Pro, referred the matter to the undersigned to determine
18 whether this additional information was a basis to modify my report and recommendation.
19      During oral argument, counsel for defendant acknowledged that she had not filed objections to
20 the undersigned's report and recommendation, and was not seeking to reopen the hearing or
21 reconsideration of the court's report and recommendation.
22      Having reviewed and considered the matter, the undersigned affirms the findings made in the
23 original report and recommendation that the pat down of Ortega's person and the search of the interior
24 of the vehicle were based on reasonable suspicion that Ortega may be armed and/or gain control of a
25 weapon in the areas under his immediate control in the interior of the vehicle. During oral argument
26 following the referral of the government's newly discovered evidence motion to the undersigned,
27 counsel for defendant acknowledged that she had no reason to dispute Officer Johnson's testimony that
28 LVMPD had a standard operation procedure to inventory a vehicle prior to impound, or that they had

the discretion to inventory a vehicle where no policy required a vehicle's impound. I, therefore, also affirm the finding that the firearm would inevitably have been discovered during the course of an inventory search pursuant to standard LVMPD procedure to inventory a vehicle prior to impound. While it is less clear in light of the government's acknowledgment of additional information that the arresting officers were <u>required</u> pursuant to LVMPD policy to impound the vehicle Ortega was driving, it remains undisputed that the officers had the discretion to impound the vehicle incident to Ortega's arrest. Thus, while this additional information impeaches Officer Johnson's recollection of details of the event, having considered this additional information, does not alter the court's findings or recommendation.

For all of the foregoing reasons, and the reasons stated in the court's original Report of Findings and Recommendation (#25),

**IT IS THE RECOMMENDATION** of the undersigned United States Magistrate Judge that Ortega's Motion to Suppress (#19) be DENIED.

Dated this 9th day of December, 2005.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE