# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:04-cr-440-BES-PAL |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| JUAN CARLOS ORTEGA, | ) | |
| Defendants. | ) | |

The Court has considered the Amended Report of Findings and Recommendation of the United States Magistrate Judge (#45) filed on December 12, 2005, in which the Magistrate Judge considered whether the Government's Notice of Newly Discovered Evidence (#35) provides a basis to modify her June 8, 2005 Report and Recommendation (#25) recommending the denial of Defendant's Motion to Suppress Unlawfully Seized Evidence (#19). After considering Objections (#26) filed by Defendant and the Government's Response (#27), Chief Judge Philip M. Pro had affirmed the June 8, 2005 Report and Recommendation in a June 27, 2005 Order (#28). On December 29, 2005, Defendant filed Objections (#47) to the Amended Report and Recommendation and the Government filed its Response (#48) on January 1, 2006.

///

///

///

1    The Court has conducted a *de novo* review of the record in this case in accordance with
2 28 U.S.C. §636(b)(1)(B) and (C) and Local Rule IB 3-2, and determines that the Amended
3 Report of Findings and Recommendation of Magistrate Judge Leen should be affirmed as
4 follows.

5    The Government's Notice of Newly Discovered Evidence (#35) and testimony obtained
6 at a hearing before Magistrate Leen reveal that Officer Sorrentino located an individual who
7 arrived at the scene of the traffic stop and apparently owned the vehicle driven by Defendant
8 and was able to provide registration for the vehicle.  This new evidence does not affect the
9 Magistrate's original finding and recommendation regarding the legality of the search of the
10 interior of Defendant's vehicle.  Moreover, the Magistrate's original findings on this issue have
11 already been reviewed and affirmed by Judge Pro in his June 8, 2005 Order.  Accordingly,
12 because the evidence and facts relied upon as a basis for concluding that the search of
13 Defendant's vehicle was proper have not been altered, this Court will not revisit the issue
14 under the law of the case doctrine.  See Ingle v. Circuit City, 408 F.3d 592, 594 (9th Cir. 2005)
15 (under the law of the case doctrine, "a court is generally precluded from reconsidering an issue
16 previously decided by the same court, or a higher court in the identical case") (quoting United
17 States v. Lummi Indian Tribe, 235 F.3d 443, 452 (9th Cir. 2000)).

18    The newly discovered evidence is related to the Government's contention that even if
19 there was no valid search of Defendant's vehicle, the weapon obtained pursuant to the search
20 is nevertheless admissible because it would inevitably have been discovered pursuant to a
21 lawful inventory search of the vehicle upon impoundment of the vehicle.  The doctrine of
22 inevitable discovery permits evidence to be admitted in a criminal case, even though obtained
23 unlawfully, when the government can show by a preponderance of the evidence, that
24 discovery of the evidence by lawful means was inevitable. Nix v. Williams, 467 U.S. 431, 444
25 (1984).  The impoundment and inventory search of a vehicle are valid under the Fourth
26 Amendment when conducted pursuant to standardized procedures administered in good faith
27 and not for the sole purpose of investigation.  See Colorado v. Bertine, 479 U.S. 367 (1987);
28 United States v. Penn, 233 F.3d 1111, 1117 (9th Cir. 2000) (upholding validity of impoundment

and inventory search of vehicle stopped for traffic violation, where driver could not show proof of insurance as required by state law).

Based upon the findings of the Magistrate and Judge Pro that the search of Defendant's vehicle was proper, this Court need not address the issue of whether the firearm obtained by the officer would nevertheless be admissible pursuant to a lawful inventory search of the vehicle upon its impoundment. However, assuming, arguendo, that the original search of the vehicle was improper, this Court affirms the Magistrate's findings that the firearm would have inevitably been discovered in an inventory search. Defendant argues the weapon would not have been discovered during an inventory search pursuant to impoundment because the owner of the vehicle, a licensed registered driver, arrived at the scene and was ready and willing to take the vehicle. (Objection #47, p. 4). However, it remains undisputed that the officers have discretion to impound an apparently unregistered and uninsured vehicle driven by an unlicensed driver. It is also undisputed that the Las Vegas Metropolitan Police Department's standard procedure is to inventory a vehicle prior to impoundment. Accordingly, the officers clearly had the right to impound and conduct an inventory search of Defendant's vehicle. Even if it is assumed that impoundment was unnecessary in light of the newly discovered evidence, the officers had no obligation to offer Defendant an opportunity to avoid impoundment. See Penn, 233 F.3d at 1116.

IT IS THEREFORE ORDERED that the Magistrate Judge's Amended Report of Findings and Recommendation (#45) is AFFIRMED and Defendant's Motion to Suppress Unlawfully Seized Evidence (#19) is DENIED.

DATED: This 17th day of January, 2006.

_____
Brian E. Sandoval
UNITED STATES DISTRICT JUDGE